MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
TYLER ANDREWS, ESQ.
Nevada Bar No. 9949
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: ferrariom@gtlaw.com
tyler.andrews@gtlaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL VALENTINI and DALLACE BUTLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>READING INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 2:24-cv-00255-RFB-MDC<br><br>**REPLY IN SUPPORT OF [DKT. NO. 11] DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**<br><br>**(Oral Argument Requested)** |

Plaintiffs' attempts to avoid dismissal fail. By its express terms, the VPPA (and the parallel California statute) applies only to video service providers that sell, rent, or deliver prerecorded "video cassette tapes or similar audio visual materials." Movie ***tickets*** are not video cassette tapes or similar audio visual materials. And, tellingly, Plaintiffs cite ***no*** case permitting them to bring a VPPA claim against a movie theater. Indeed, Reading is not aware of a single case or instance in which the VPPA has ever been applied to a movie theater selling tickets. Stated simply, Plaintiffs' complaint fails to state a claim and should be dismissed for the reasons addressed in Reading's Motion and for the following reasons stated herein. In the alternative, Plaintiffs' class allegations should be stricken because Plaintiffs do not substantively dispute their (in)ability to bring the proposed class claims and offer nothing beyond a plea that the Court defer ruling on the undisputed issue.



Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

## I. Plaintiffs' Attempts to Stretch the VPPA are Unsupported and Absurd

Plaintiffs argue that movie theaters qualify as "video service providers" under the statute because Congress included one reference to "open-reel movies" in the Senate Report accompanying the passage of the VPPA. Response at 7. That is a red herring. First, Plaintiffs' argument ignores the Senate Report's clear enunciation that "[t]he bill prohibits ***video stores*** from disclosing 'personally identifiable information.'" S. Rep. No. 100-599 at 7 (emphasis added). Reading is not a "video store." Second, and relatedly, the Senate Report tellingly contains no references whatsoever to movie theaters or cinemas. To believe that by a single reference to the sale by video stores of "open-reel movies" among "laser disks" and "CDI technology," Congress meant to subject movie theaters to the VPPA is absurd. If Congress had meant the VPPA to apply to movie theaters, it would have stated so—and easily could have stated so. Instead, there are ***zero*** references to "theater(s)," ***zero*** references to "cinemas," and ***zero*** references to "tickets." There is simply no support in either the VPPA or the Senate Report for subjecting movie theaters to its terms.

Plaintiffs separately argue that "Congress intentionally employed broad language so the VPPA would continue to protect privacy interests even when video formats changed, and new business models emerged." Response at 7. This argument is just as nonsensical because movie theaters and cinemas predated "video stores" by decades. *See, e.g.*, *History of Cinema in the United States*, WIKIPEDIA (last visited April 17, 2024), available at https://en.wikipedia.org/wiki/History_of_cinema_in_the_United_States (dating the first "storefront theater" in the United States to 1895); *This Day in History – December 28, 1895 First Commercial Movie Screened*, HISTORY (last visited April 17, 2024), available at https://www.history.com/this-day-in-history/first-commercial-movie-screened (same). To believe that a movie theater selling tickets was intended by Congress' forecasting of "new business models" is irrational.

In sum, Plaintiffs' attempts to stretch the VPPA are not supported by either the VPPA or the accompanying Senate Report. Moreover, they are patently absurd. Rather than adopt Plaintiffs' unsupported views, the Court should follow the decision of the Northern District of

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

California in *Garza v. Alamo Intermediate II Holdings, LLC* and hold that movie ticket sales are not covered by the VPPA. Indeed, Plaintiffs offer no reason to depart from that decision other than their contention that (a) it is from a different district and (b) the plaintiffs in that case exercised their right to file a notice of appeal. Neither argument has any merit.

**II. Plaintiffs are not 'Subscribers' Under the VPPA**

Plaintiffs contend that they are consumers because they created a Reading user account. Response at 9. Creating an account is irrelevant, however, if the account is not to rent or purchase (or otherwise view) "video cassette tapes or 'similar audio-visual materials.'" The user accounts in question, as conceded by Plaintiffs, do not involve the rental or purchase of cassette tapes or similar audio-visual materials. *See* Response at 10 (stating that the user accounts provide "subscribers" with "weekly newsletters, special offers, enhanced access to movie tickets, special events, discounts, and free movie screenings").

In support of their view that any subscription to "goods or services" qualifies under the VPPA, Plaintiffs rely on *Lebakken v. WebMD, LLC*, 640 F. Supp. 3d 1335 (N.D. Ga. 2022)[1]. Response at 10. But as noted by the Southern District of New York, when ***rejecting*** *Lebakken*, "the court did not adequately consider the VPPA's focus on audio-visual materials." *McCausland v. Gray Media Group, Inc.*, No. 22 Civ. 7539 (PGG), 2024 WL 1374765, at *8 n.4 (S.D.N.Y. March 31, 2024) (citing *Salazar v. N.B.A.*, No. 1:22-cv-07935 (JLR), 2023 WL 5016968, at *10 n.3 (S.D.N.Y. Aug. 7, 2023) (declining to follow *Lebakken* because "its subscribership analysis was not sufficiently tethered to video services")). Contrasting the Southern District of New York's express rejection of *Lebakken*'s flawed reasoning, Reading is not aware of any case that cites *Lebakken* for Plaintiffs' stated proposition that a subscription to any goods or services is sufficient regardless whether the goods or services are video sales or rentals. Reading respectfully requests this Court follow the guidance provided in post-*Lebakken* cases and reject Plaintiffs' argument that a subscription to any "goods or services" suffices under the VPPA.

---

[1] That Plaintiffs cite out-of-jurisdiction caselaw—here the Northern District of Georgia—to support their argument is undercut by their own request for the Court to ignore out-of-jurisdiction caselaw cited by Reading which undercuts Plaintiffs' position. *See* Response at 5-6 (arguing the Court should not follow the *Garza* decision because it is not binding on the Court).

**III. Plaintiffs' Proposed Class Allegations are Facially Deficient and Overbroad as a Matter of Law**

Plaintiffs' opposition to the alternative request to strike the facially deficient class allegations is premised primarily on their argument that any challenge is premature and should wait, following discovery, for resolution when briefed in a motion for class certification. Response at 12. Plaintiffs' opposition is a straightforward plea for delay—without any substantive merit.

While Plaintiffs argue that Reading's supporting caselaw is procedurally distinguishable (because the issue was decided on a motion for class certification), *see* Response at 12, Plaintiffs do not offer any substantive rebuttal whatsoever. Plaintiffs do not contest at all that determining whether PII was actually disclosed turns on individualized factors. *See* Motion at 9. And in fact offer nothing in their response to demonstrate how class-wide discovery could solve the issues noted by the Court in *In re Hulu*. Plaintiffs should not be permitted to subject Reading to overbroad and expansive discovery when they have no chance to pursue the class claims they have alleged and indeed when they have offered nothing to contradict the court decisions cited by Reading demonstrating that class-wide resolution is impossible. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (stating that plaintiffs bear the burden of advancing a prima facie showing that class action requirements of Rule 23 are satisfied <u>or</u> that discovery is <u>likely</u> to produce substantiation of the class allegations).

As for Plaintiffs' argument that Reading's Motion "attempts to inject matter outside the pleadings to support its argument," Response at 12, Reading presumes that Plaintiffs are referring to the *In re Hulu* decision and holdings by that court. If so, Plaintiffs' argument should be soundly rejected. Plaintiffs' opposition essentially requests the Court stick its head in the sand and ignore well-reasoned caselaw. Tellingly, Plaintiffs cite no legal authority to support the exclusion of caselaw. And their unfounded attempt to do so only further demonstrates the entirely meritless nature of Plaintiffs' claims.

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

**IV. Conclusion**

For the reasons stated herein and in Reading's Motion, Reading respectfully requests the Court dismiss the Complaint in its entirety, or, in the alternative, strike the class allegations.

DATED this 22nd day of April, 2024

**GREENBERG TRAURIG, LLP**

By: */s/ Tyler Andrews*
Mark E. Ferrario, Esq.
Nevada Bar. No. 1625
Tyler Andrews, Esq.
Nevada Bar No. 9499
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Attorneys for Reading International, Inc.*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that, a true and correct copy of the foregoing ***Reply in Support of [Dkt. No. 11] Defendant's Motion to Dismiss or, in the Alternative, to Strike Class Allegations*** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

DATED this 22nd day of April 2024.

*/s/ Andrea Lee Rosehill*
An employee of GREENBERG TRAURIG, LLP